UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAMAINE BUCKLEY,

       Plaintiff,

v.                                              CASE NO. 3:20-cv-415-J-32MCR

GOLDEN HOSPITALITY, INC., a Florida
corporation d/b/a Budget Inn of Jasper;
ANJANA, LLC, a Florida limited liability
company d/b/a Mustang Inn and American
Inn; A P S M, LLC, a Georgia limited liability
company d/b/a Travelers Inn; PANKAJBHAI
PATEL, an individual; NILESH PATEL, an
individual; BHUPENDRA PATEL, an individual;
and MANJULABEY PATEL, an individual,

       Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion to Approve FLSA Mediation Settlement and for Dismissal with Prejudice ("Motion") (Doc. 26). The undersigned has reviewed the filings in this case and finds that there is no need

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

for a hearing. For the reasons discussed herein, the undersigned recommends that the Motion be **GRANTED**, the Settlement Agreement be **APPROVED**, and the case be **DISMISSED with prejudice**.

## I.     Background

This case was brought, in part, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. 1.) Plaintiff sought to recover, *inter alia*, unpaid minimum wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs for Defendants' alleged failure to compensate him at the applicable minimum wage and at the statutory rate of time and one-half the regular rate of pay for any overtime hours worked.[2] (*Id.*) In lieu of filing an answer, Defendants moved for dismissal of the Complaint, arguing that Counts I and III failed to state a cause of action for violation of the minimum wage and overtime provisions of the FLSA, and Count II failed to allege compliance with the pre-suit notice requirement in Fla. Stat. § 448.110. (Doc. 10.)

While Defendants' motion to dismiss was pending, the parties settled this action and the case was administratively closed. (Docs. 24, 25.) On December 28, 2020, the parties filed the present Motion, seeking Court approval of their Settlement Agreement and dismissal of this action with prejudice. (Doc. 26.)

---

[2] Plaintiff also sought unpaid minimum wages under the Florida Minimum Wage Amendment ("FMWA"), Article X, § 24 of the Florida Constitution. (*See generally* Doc. 1.)

## II.     Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the district court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III.   Analysis

The Settlement Agreement provides that Plaintiff will receive $18,750.00 in wages and $18,750.00 in liquidated damages, and Plaintiff's counsel will receive

$10,500.00 for attorneys' fees and costs.[3] (Doc. 26-1 at 2.) Defendants deny liability and any wrongdoing with respect to Plaintiff's compensation. (*Id.* at 1.) The parties represent that there are numerous factual disputes, including disputes as to the dates of Plaintiff's employment, the number of hours Plaintiff worked, whether Defendants' employment records were compliant with the FLSA, whether Defendants were entitled to charge for Plaintiff's room and deduct such charge from his wages, whether Defendants acted willfully, and whether the individual Defendants can be held liable as "employers" under the FLSA. (Doc. 26 at 2.)

The undersigned has reviewed the Settlement Agreement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Lynn's Food*, 679 F.2d at 1355. Plaintiff's recovery

---

[3] The Complaint alleges that Plaintiff was employed by Defendants from March 5, 2018 to about June 20, 2018 ("Period I") and from August 5, 2019 to about March 7, 2020 ("Period II"), that he was paid $40.00 per week for 45 hours of work during Period I and $50.00 per week for 84 hours of work during Period II. (Doc. 1 at ¶¶ 22, 25-28; *but see id.* at ¶ 48 (alleging that Plaintiff worked about 58 hours of *overtime* per week throughout his employment); *id.* at ¶ 51 (alleging that the amount of damages for unpaid overtime wages was "not presently ascertainable," but seeking an overtime compensation award of $15,347.75); *cf.* Doc. 13-1 (noting in Defendant Anjana, LLC's Verified Summary of Working Hours that Plaintiff worked 182.83 hours between May 31, 2019 and September 5, 2019).) In his Answers to the Court's Interrogatories, Plaintiff estimated that he generally worked about 8 to 8.5 hours per day, five or six days per week, during Period I, and 10 hours per day, six or seven days per week, during Period II; and that he should have been paid about $20,380.20 in minimum wages and $3,528.66 in overtime during both Period I and II. (Doc. 11-1 at 2-3.) Plaintiff noted that these numbers were just estimates as Defendants allegedly "refused to provide any of [Plaintiff's] employment records, despite being asked pre-suit." (*Id.* at 3.)

appears reasonable given the significant disputes in this case. Moreover, Plaintiff is represented by counsel. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1354.

Further, the parties represent that the attorneys' fees and costs were negotiated separately from Plaintiff's recovery and that the amount sought is reasonable. (Doc. 26 at 2; Doc. 26-1 at 2.) Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorneys' fees and costs to be paid to counsel.

The undersigned has already concluded that the settlement appears reasonable. In addition, there is no reason to believe that Plaintiff's recovery was affected by the agreed-upon attorneys' fees and costs. Thus, no conflict of interest taints the amount to be recovered by Plaintiff. Further, it appears that counsel is being adequately compensated. Thus, both aspects of the *Silva* attorney fee inquiry are satisfied.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 26**) be **GRANTED**.

2. The Settlement Agreement (**Doc. 26-1**) be **APPROVED**.

3. The case be **DISMISSED WITH PREJUDICE**.

**DONE AND ENTERED** at Jacksonville, Florida, on January 6, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record